IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELVIN ANDRE SPOTTS, et al., | : | |
| | : | |
| Plaintiffs | : | Civil No. 3:12-CV-0583 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Plaintiff Kelvin Andre Spotts is a federal inmate currently housed at the United States Penitentiary, Canaan, in Waymart, Pennsylvania. Spotts is one of several dozen inmates who have brought federal <u>Bivens</u> actions and tort claims pursuant to the Federal Tort Claims Act for injuries allegedly suffered as the result of an outbreak of salmonella poisoning that allegedly occurred at USP-Canaan in June 2011.

As part of his own lawsuit, Spotts has filed motions seeking the entry of preliminary injunctive relief, apparently in order to prevent corrections officials from disciplining Spotts for alleged infractions and violations of prison rules, or from transferring Spotts to another federal prison during the pendency of this litigation. Defendants have opposed the motion, arguing that injunctive relief is

absolutely unavailable in any action brought under the FTCA, or in Bivens[1] actions. Alternatively, defendants maintain that Spotts has simply not demonstrated that preliminary injunctive relief is warranted in this case.

Upon consideration, although we interpret Spotts to be seeking injunctive relief in order to prevent corrections officials from retaliating against him for bringing this lawsuit – and, therefore, construe Spotts's claim for injunctive relief somewhat differently than defendants – we ultimately agree that Spotts has failed to demonstrate that he is entitled to the extraordinary preliminary relief he seeks in this case, and we, therefore, recommend that the district court deny the motion.

## II.   PROCEDURAL BACKGROUND

Spotts commenced this lawsuit on March 30, 2012, alleging Bivens claims for Eighth Amendment violations and claims alleging negligence under the FTCA, all relating to alleged salmonella food poisoning that occurred at USP-Canaan in June 2011 after inmates were served contaminated chicken.

On April 11, 2012, the Court ordered that the complaint be served, and on April 19, 2012, the United States was served. On October 1, 2012, defendants moved for partial summary judgment, or for partial dismissal of the complaint. On

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

October 12, 2012, the Court stayed all proceedings in this case, and ordered the parties to participate in mandatory mediation. The mediation deadline in this and other related cases has been enlarged until January 31, 2012.

After the parties had been ordered to mediate the claims in this litigation, on November 28, 2012, Spotts filed a motion seeking a temporary restraining order, moving the Court to issue an order to stop "all retaliation being directly or indirectly applied by BOP staff and/or officials." (Doc. 89, at 2.) In the motion, Spotts avers that he anticipates numerous potential risks of future retaliation by prison officials, including: denial of access to the law library; removal from USP-Canaan during the pendency of the action; "any enforcement of sanctions conducted out of retaliation"; and the potential for Spotts to spend more than 30 days in the Special Housing Unit at USP-Canaan. (Id. at 3-4.) The motion suggests that Spotts has not, in fact, been retaliated against in these ways; instead Spotts appears to be concerned about the potential for retaliation in the future.

On December 11, 2012, Spotts filed a second motion for a temporary restraining order to stop a "retaliatory transfer" initiated after Spotts "got into a fist fight with another inmate." (Doc. 90, at 2.) Spotts claimed that although he was adjudicated guilty of the offense of fighting by a disciplinary hearing officer, his unit manager is "attempt[ing] to sabotage [his] lawsuit." (Id. at 3.) Other than his

own subjective interpretation, however, Spotts has not identified additional facts or argument to substantiate this claim.

Defendants responded to the motion on December 21, 2012. (Doc. 94.) Spotts filed a reply brief in further support of his motion on December 27, 2012. (Doc. 97.)

### III.  FACTUAL BACKGROUND

In his motions, Spotts recites that he brought this action, and assisted other inmates at USP-Canaan in bringing similar lawsuits, all arising out of a widespread outbreak of food poisoning that sickened numerous inmates at the prison. In Spotts's estimation, these lawsuits "have been very successful and have lead to mediation and settlements being offered and accepted by plaintiffs." (Doc. 89, at 2.) Spotts believes that due to the success of these litigation efforts, he is now at risk "for future attempts by BOP staff and others to seek direct and/or indirect attempt[s] to retaliate on him out of despite, jealousy, frustration and evil motives." (Id.)

In order to guard against such future potential instances of retaliation, Spotts requests that the Court enter an order that would deem any of the following actions on the part of prison officials to constitute unlawful retaliation: denial of law library while Spotts is housed in the Special Housing Unit (SHU); removing

or transferring of Spotts from USP-Canaan during the pendency of this action; placing Spotts in the SHU for more than 30 days; as well as "any enforcement of sanctions conducted out of retaliation and/or have be part of civil litigation". (Doc. 89, at 3-4.)

In response to Spotts's general apprehension about potential future prison restrictions, discipline, and his potential transfer to another facility, defendants have submitted a sworn declaration in which Erin Richardson, Spotts's Case Manager at USP-Canaan, attests to certain disciplinary infractions of which Spotts has been adjudged guilty by prison officials, and which have formed the basis for his potential transfer out of USP-Canaan. (Doc. 94, Ex. A, Declaration of Erin Richardson.) Based on this declaration, the United States explains the legitimate reasons why Spotts may be subject to a transfer or other custody decision, and why such custody decision should not be deemed retaliatory.

According to this sworn declaration, on November 2, 2012, shortly before 8:00 p.m., an inmate was observed taking an extension cord out of cell 111, which is occupied by Spotts and other inmate. (Id.; Incident Report, Attach. 1 to Ex. A.) Prison staff observed Spotts approach another inmate and begin punching him with a closed fist to the facial area several times. (Id.) The altercation occurred in the doorway of cell 111, and both inmates were seen throwing punches to the

other's face and torso , and the affray eventually moved into the interior of cell 111. (Id.) Prison staff secured cell 111 in order to contain the fight within the cell, and then notified the control center via radio. (Id.) When officers eventually secured the inmates, they were taken to the SHU. (Id.)

On November 9, 2012, one week later, Spotts's case manager, Ms. Richardson, reviewed him for a transfer to another federal prison. (Id.; Request for Transfer, Attach. 2 to Ex. A.) In the transfer request it was observed that Spotts arrived at USP-Canaan on October 13, 2010, as a Close Supervision transfer from USP-McCreary. (Id.) Since his arrival at USP-Canaan, Spotts had incurred four separate incident reports, causing Spotts's adjustment to be deemed average. (Id.) These separate incidents include citations for a Code 297/Phone Abuse-Disrupt Monitoring (X2); Code 312/Being Insolent to a Staff Member; Code 313/Lying or Falsifying a Statement; and Code 201/Fighting with Another Person. (Id.)

According to the transfer request, Spotts was recommended for a transfer due to the fight on November 2, 2012, and also because Spotts's unit team believed he required a close supervision transfer to an appropriate high security facility commensurate with his security and programming needs. (Id.)

## IV. DISCUSSION

### A. Standard of Review

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue preliminary injunctive relief in limited circumstances. It is well settled that "the grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances." Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). In order to satisfy this exacting standard, the party moving for a preliminary injunction must carry its burden of demonstrating: (1) likelihood of success on the merits; (2) the existence of irreparable injury from the alleged misconduct. Id. If the movant succeeds in making this threshold showing, the court should also take into account the possibility of harm to other interested persons from the grant or denial of the injunction, and the public's interest. Id.; see also Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir.1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191–92 (3d Cir.1990). In all cases, however, the preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir.1990). If the record does not support a finding of both irreparable injury

and a likelihood of success on the merits, then a preliminary injunction cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir.1987).

A plaintiff can demonstrate irreparable injury by showing that he will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight, 882 F.2d at 801 ("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Plaintiff bears the burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989).  Importantly, "[w]hen, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct."  McNair v. Synapse Group, Inc., 672 F.3d 213, 223 (3d Cir. 2012) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)).  Moreover, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm.  ECRI v. McGraw–Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987).  The case law offers some guidance to courts in determining whether an injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'."  Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).

**B.     Plaintiff Has Not Demonstrated that Preliminary Injunctive Relief is Warranted**

Judged against the foregoing exacting standards, we find that Spotts's claims for injunctive relief plainly fail.[2]  Following our review of the parties'

---

[2] Defendant has suggested that injunctive relief is not available in claims brought pursuant to the FTCA or in Bivens actions.  We recognize that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States.  See, e.g., Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 863 (10th Cir. 2005); Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir. 1992); Talbert v. United States, 932 F.2d 1064, 1065-66 (4th Cir. 1991).  We do not agree with Defendant that the law is as settled as to whether inmates may seek injunctive relief in a Bivens action.  We acknowledge that some courts have found that claims for injunctive relief are not available. Compare Bunn v. Conley, 309 F.3d 1002, 1009 (7th Cir. 2002) (Bivens claim may be brought for violation of constitutional rights regardless of nature of relief sought); Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) (injunctive relief may be sought via Bivens action) with Stephens v. Herring, 827 F. Supp. 359, 364 (E.D. Va. 1993) (Bivens concerned with damages, not injunctive relief). See also Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1228 (10th Cir. 2005) (observing that some courts have treated Eighth Amendment claims against federal prison officials as Bivens actions, even when injunctive relief is sought, whereas other courts have assumed separate non-statutory basis for seeking injunctive relief).

In this case, Spotts does not appear to be seeking injunctive relief as part of either his Bivens or FTCA claims.  Instead,  it seems that Spotts is endeavoring to obtain injunctive relief based upon allegations that he might face prison discipline that would be motivated by an effort to retaliate against Spotts for having filed this lawsuit.  In this regard, Spotts may be trying to make a claim for injunctive relief under a First Amendment retaliation theory.  To the extent this is Spotts's theory, we note that he has not filed a claim for retaliation, and even if he had he has not demonstrated that injunctive relief is warranted in this case.  Accordingly, we find it unnecessary to examine whether and in what contexts injunctive relief may be available in FTCA and Bivens actions like the instant case, and instead base our

submissions, and based upon our assessment that Spotts's claims are speculative, unfounded, and unpersuasive in light of the government's legitimate non-retaliatory bases offered for Spotts's potential transfer to another prison, there is no legal basis to grant the preliminary injunctive relief Spotts requests.

At the outset, Spotts offers nothing other than his own speculation to suggest that he might potentially face future adverse disciplinary decisions as an inmate, and he offers even thinner speculation that these disciplinary decisions would have any conceivable relationship to the lawsuit he commenced. On the basis of this raw speculation, Spotts invites the Court to interject itself into potential future custody and disciplinary decisions that might involve this inmate, invites the Court further to conclude that these potential disciplinary matters will be retaliatory, and to enter preliminary orders restraining the discretion of prison administrators to discipline Spotts or make custody determinations about this inmate.

The Court should decline this invitation. Although we have liberally interpreted Spotts's motion for preliminary injunctive relief as predicated upon a theory of First Amendment retaliation or some similar basis, we note that Spotts

---

recommendation on the much clearer grounds that Spotts simply cannot satisfy the rigorous requirements for obtaining preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

has not alleged a claim for retaliation in this case. Thus, regardless of the merits of Spotts's claims against the defendants under the FTCA and <u>Bivens</u> for the alleged food poisoning incident, Spotts has neither made a claim for retaliation, nor plausibly demonstrated that he would be likely to prevail upon the merits of such a claim had it been brought.

Furthermore, and more fundamentally, Spotts has not offered any credible basis for the Court to conclude that the issuance of extraordinary preliminary injunctive relief is necessary to prevent immediate and irreparable injury. Yet, this is precisely what the Third Circuit Court of Appeals has required must be shown before a preliminary injunction may issue. <u>See</u> <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 487 (3d Cir. 2000) ("[T]he use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm."); <u>see also</u> <u>Holiday Inns of Am., Inc. v. B&B Corp.</u>, 409 F.2d 614, 618 (3d Cir. 1969) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat."). In this case, Spotts has made no showing that would justify the Court entering the kind of extraordinary relief Spotts seeks, which would restrain prison administrators' exercise of their

11

authority and discretion to impose discipline upon Spotts if warranted, and to make custody decisions regarding an inmate who recently engaged in a violent altercation with another inmate. Notably, Spotts's case manager has submitted a sworn declaration showing that Spotts's recently engaged in a violent altercation with another inmate – something that Spotts seems to acknowledge occurred. There Spotts acknowledges the non-retaliatory basis upon which prison officials may impose discipline or revise Spotts's custody status, and there appears no reason to find that any discipline or custody revision based upon this incident has anything to do with Spotts's litigation activities.[3]

Additionally, it is axiomatic that a preliminary injunction may not be issued on the mere speculation of irreparable harm. See Adams, 204 F.3d at 488 ("[T]he risk of irreparable harm must not be speculative."). In this case, Spotts has not credibly argued that the harm he anticipates in the form of prison discipline or

---

[3] Furthermore, to the extent Spotts is arguing that he is being retaliated against for his efforts to help other inmates litigate their own cases arising out of the food poisoning incident, including with mediation and settlement proceedings, we observe that mediation proceedings did not begin in any case until November 13, 2012. Spotts's case manager submitted a transfer request on November 9, 2012, a week after Spotts engaged in a fight with another inmate. Spotts was thus deemed eligible for a transfer to another facility before the mediation and settlement activity was underway in these cases, further undermining his contention that his potential transfer is related to anything other than his own misconduct.

custody decisions is "irreparable", but even if he had credibly alleged the potential for irreparable harm, his contentions would be far too speculative and attenuated to permit the kind of preliminary injunctive relief he seeks.

Finally, to the extent Spotts is suggesting he will be irreparably harmed if he is transferred to another prison facility where he may have difficulty litigating this action, we must disagree. We take notice that there are presently several federal inmates currently litigating substantially similar actions in this Court, arising out of the very instance of alleged food poisoning that Spotts has alleged in this case.[4] We are assigned to manage the pre-trial litigation in each of these cases, all of which have been subjected to mandatory mediation, and in none of these cases has any party claimed to have been prejudiced in their ability to litigate or mediate their claims due to being housed at a facility other than USP-Canaan. Moreover, this Court frequently administers litigation commenced by inmates housed outside

---

[4] See, e.g., Frank Shankler v. United States, Civil No. 12-CV-407 (USP-Atlanta); Terrell Johnson v. United States, Civil No. 12-CV-743 (CCM-Philadelphia); Roderick Wheless v. United States, Civil No. 12-CV-583 (FCI-Williamsburg); David Rogers v. United States, Civil No. 12-1041 (FCI-Cumberland); Richard Randolph v. United States, Civil No. 12-0784 (FCI-Schuykill); Joseph Bonilla v. United States, Civil No. 12-1490 (USP-McCreary); Christopher Ramos, Civil No. 12-1454 (FCI-Otisville); Paul Pereza v. United States, Civil No. 12-1356 (USP-Florence); Roddy McDowell v. United States, Civil No. 12-1132 (USP-Hazelton); Jason Eaton v. United States, Civil No. 12-2210 (FCI-Forest City).

of the Middle District of Pennsylvania, without prejudice to the inmate's ability to fairly litigate claims in this Court. Spotts offers no persuasive reason for the Court to conclude that he is likely to face any imminent undue prejudice – much less irreparable injury – if he is required to litigate or mediate his claims from another federal correctional facility.

In sum, Spotts has not persuasively demonstrated that he faces irreparable injury without the issuance of a preliminary injunction to restrain the exercise of prison administrators' exercise of their authority regarding matters relating to this inmate's discipline and custody. Moreover, Spotts has not demonstrated that he is likely to prevail on the merits of his claims that have been brought in this case – a case in which Spotts has not, in fact, alleged claims for retaliation. Because there has been no showing of imminent irreparable harm or injury, and because Spotts has further not demonstrated that he is likely to prevail on the merits of his claims, we recommend that the Court deny Spotts's motions for preliminary injunctive relief.

## V. **RECOMMENDATION**

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED THAT plaintiff's motions for preliminary injunctions or temporary restraining orders (Docs. 89, 90.) should be DENIED.

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of January 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge