# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODERICK YORK,** | : | Civil No. 3:12-CV-583 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

### I.    Statement of Facts and of the Case

The plaintiff is a federal prisoner who was housed in the United States Penitentiary, Canaan. In his complaint the plaintiff recites that, in June of 2011, the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the

1

plaintiff seeks damages from these defendants. This is one of a number of related actions in which federal inmates have sued the United States of America, alleging injuries stemming from the consumption of food contaminated with salmonella that was served at the United States Penitentiary, Canaan. We are overseeing coordinated pre-trial management of these cases and have previously ordered mandatory mediation of the plaintiff's claims.

While it was initially reported that this mediation had led to a settlement of this dispute, we are now presented with three motions from York, which seek somewhat contradictory relief relating to this mediation. First, York filed a motion to enforce the settlement agreement that the parties reached. (Doc. 118.) York then filed a second motion, styled as a motion to dismiss filing fee costs, (Doc. 121.), which sought to exempt York from paying his filing fees, alleging that it was part of the settlement that he would pay no filing fees. This motion is, in effect, a motion to modify the settlement agreement, which by its terms expressly provided that each party would pay its own fees and costs. (Doc. 126.) Having moved first to enforce, and then to modify, this settlement agreement, York has also now moved to withdraw from the settlement agreement entirely. (Doc. 124.)

None of these motions have been supported by a brief as required by the Local Rules, and all of the motions seeks different and contradictory relief. Accordingly,

for the reasons set forth below, the motion to dismiss filing fee (Doc. 121.) will be DENIED, and the motions to enforce or withdraw from this agreement will be dismissed for failure to comply with the Local Rules, with instructions that York must elect to move to either enforce the agreement or withdraw from it, but he cannot insist that the court order the parties to both enforce the agreement and abrogate this settlement.

## II. Discussion

Turning first to York's motion to dismiss his filing fee, (Doc. 121.), we find that this particular motion is, in effect, a motion to modify the settlement agreement, since by its terms that settlement agreement provided that each party would pay its own fees and costs. (Doc. 126.) With respect to this motion, it is well-settled that, when construing the terms of a settlement and general release, federal courts in Pennsylvania are guided by Pennsylvania law. Three Rivers Motor Co. v. Ford Motors Co., 522 F.2d 885, 892 (3d Cir. 1975). Moreover, "in Pennsylvania, the general rule for construction of releases is that the intention of the parties must govern, but this intention must be gathered from the language of the release. Evans v. Marks, 421 Pa. 146, 218 A.2d 802 (1966). A signed settlement and release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake. Kent v. Fair, 392 Pa. 272, 140 A.2d 445 (1958)." Id.

3

This rule generally upholding the validity of settlements and general releases applies with equal force to releases executed in the settlement of civil rights claims. As this court has previously observed:

> A contract that releases potential . . . federal civil rights claims, is valid if it was knowingly and voluntarily executed. See Coventry v. U.S. Steel Corp., 856 F.2d 514, 522 (3d Cir.1988), superseded by statute on other grounds. To consider whether a release is valid, the Third Circuit directs courts to consider the totality of the circumstances surrounding its execution, and to do so district courts should consider the following non-exhaustive factors: (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time the plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law. Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir.1988) (citing Coventry, 856 F.2d at 523). Courts should also consider "whether there is evidence [that the employer procured the release through] fraud or undue influence, or whether enforcement of the release would be against the public interest." Cuchara v. GaiTronics Corp., 129 F. App'x 728, 731 (3d Cir.2005).

Gregory v. Derry Tp. School Dist., No. 09-780, 2010 WL 146332, 5 (M.D.Pa. Jan. 11, 2010).

When construing the effect of a settlement and general release: "First, a court must look to the language of the release. In examining the language of a release, the terms of the release will be given their ordinary meaning unless a different meaning

4

was clearly intended. In addition, the language of the release must be viewed in the context of the entire document. See, e.g., Harrity v. Medical College of Pennsylvania Hosp., 439 Pa.Super. 10, 21, 653 A.2d 5 (1994). Each part of the release must be given effect." Bickings v. Bethlehem Lukens Plate, 82 F.Supp.2d 402, 405 (E.D.Pa.,2000)(some citations omitted). Thus, a party may not pick and choose only those portions of a settlement that are convenient and seek selective enforcement of a settlement and release.

Furthermore, a party who seeks to set aside or modify a settlement and general release must make a particularly exacting showing. Thus, "A party asserting mutual mistake must show that a mistake was made by *all* parties to the release. See 8 Pennsylvania Law Encyclopedia § 84 ('A mutual mistake is one common to both or all parties ...'). Cf. Miller v. Houseworth, 387 Pa. 346, 127 A.2d 742, 744 (1956) ('A person who seeks to rectify a deed on the ground of mistake must establish, in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be made conformable continued concurrently in the minds of all parties down to the time of its execution.') (citations omitted). In addition, '[r]eformation of the release would require a showing of ... mutual mistake by clear, precise, and convincing evidence.' Wolbach v. Fay, 488 Pa. 239, 412 A.2d 487, 488 (1980)." Crestar Mortg. Corp. v. Shapiro 937 F.Supp. 453, 460 (E.D.Pa. 1996)(emphasis in original).

5

Here, York has not shown by clear, precise and convincing evidence that the court should ignore the plain language of this settlement agreement, which provided that each party would pay its own costs. Since York has not made the threshold showing necessary to modify the terms of this settlement agreement, his motion to dismiss, (Doc. 121.), which is in effect a motion to modify the terms of this settlement must be denied.

As for York's contradictory motions to either enforce (Doc. 118.), or withdraw from this settlement agreement (Doc. 124.), we note that York has failed to support either of these contradictory pleadings with a brief as required by the Local Rules of this court. This failure to file a brief has consequences for York since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Since the relief sought in York's motions is contradictory and the motions were not accompanied by briefs which would have explained York's entitlement to these conflicting forms of relief, as required by the Local Rules, the motions to enforce or withdraw from the settlement agreement, (Docs. 118, 124.) are DEEMED WITHDRAWN and DISMISSED. York is instructed to elect which form of relief he seeks, if any, and file a motion seeking that form of relief, along with a brief, within 20 days of the date of this order. In the alternative, York may accept the terms of the previously negotiated settlement, and will be deemed to do so if he does not further litigate this issue in a timely manner in accordance with this order.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss, (Doc. 121.), which is in effect a motion to modify the terms of this settlement agreement is DENIED. The plaintiff's motions to enforce or withdraw from the settlement agreement, (Docs. 118, 124.) are DEEMED WITHDRAWN and DISMISSED, and York is instructed to elect which form of relief he seeks, if any, and file a motion seeking that form of relief, along with a brief, within 20 days of the date of this order, or York may accept the terms of the previously negotiated settlement and will be deemed to do so if he does not further litigate this issue in a timely manner in accordance with this order.

So ordered this 10th day of May, 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge