**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELVIN ANDRE SPOTTS,** | : | |
| | : | Civil No. 3:12-CV-583 |
| **Plaintiff** | : | |
| | : | **(Judge Kosik)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION AND ORDER**

**I.     Statement of Facts and of the Case**

The *pro se* plaintiff is a federal prisoner who has sued the United States, the prison where he was housed, and a number of individual defendants. In his complaint, the plaintiff alleged that in June of 2011 the prison served inmates chicken fajitas. According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. Alleging negligence and deliberate indifference on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United

States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* and as a Bivens constitutional tort action. Spotts also brings an array of other constitutional claims in this action, including retaliation claims and claims arising out of disciplinary matters.

There is a potentially dispositive motion pending in this case, a motion for partial summary judgment, (Doc. 75.), which could substantially effect the scope of this action. This motion, in turn, has inspired a series of competing motions by the parties. For his part, Spotts has moved to stay consideration of this motion until after discovery is concluded in this lawsuit. (Doc. 159.) The defendants have filed a motion for protective order, seeking a stay of discovery until after this motion is resolved. (Doc. 161.) Upon consideration of these competing motions, the defendant's motion for protective order will be GRANTED, (Doc. 161.), and Spotts' motion for a stay will be DENIED (Doc. 159.) but we will permit Spotts, if necessary, to raise these discovery concerns under Rule 56(d) in connection with his response to this motion.

## II. Discussion

### A. Guiding Principles Governing Discovery Motions Practice

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs

motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are

"committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co. 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. For example, this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time,

expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that discovery should be stayed at this time. We note that the defendants have filed a potentially dispositive motion in this case. The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of this motion. In this setting, we conclude, consistent with settled case law, that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of the outstanding partial summary judgment motion.

We recognize that Spotts asserts that he needs discovery in order to respond to this motion. Fortunately, Rule 56(d) of the Federal Rules of Civil Procedure allows Spotts to raise these discovery matters in the context of his response to a summary judgment motion. Rule 56(d) provides that: "When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P., Rule 56(d).

In our view, many of the issues raised in this potentially dispositive motion may not require extensive discovery. In any event, we believe that the more appropriate course is to address the pending motion now, and to allow Spotts to specifically articulate disputed facts upon which discovery is needed pursuant to Rule 56(d) in his response to the motion for partial summary judgment.

An appropriate order follows:

**III.   Order**

Accordingly, for the foregoing reasons, the plaintiff's motion to stay (Doc. 159.), is DENIED, the defendants' motion for protective order, (Doc. 161.), is

GRANTED, and the following revised briefing schedule is set in this case for resolution of the defendants' motion for partial summary judgment:  The plaintiff shall file his brief in opposition on or before **May 5, 2014**.  The movant's reply brief may then be filed within 14 days or no later than **May 19, 2014**.  All briefs must conform to the requirements prescribed by Local Rule 7.8.

So ordered this 8th day of April, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge