**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KELVIN ANDRE SPOTTS,** : | |
| : | **Civil No. 3:12-CV-583** |
| Plaintiff : | |
| : | **(Judge Kosik)** |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA, et al.,** : | |
| : | |
| Defendant : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

The *pro se* plaintiff, Kelvin Spotts, is a federal prisoner who was formerly housed at the United States Penitentiary, Canaan.  Spotts has sued the United States, and individual prison officials, alleging that on June 25, 2011 the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.  (Id.) Consequently, the plaintiff alleges that he contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  (Id.)  Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, (FTCA), 28 U.S.C. § 2675, *et seq*.  Spotts also brings Bivens constitutional tort claims against various individual prison officials.

These Bivens claims are not the subject of the instant motion. Instead we simply consider Spotts' FTCA claim.

Spotts has now moved for summary judgment on his FTCA claim against the United States, arguing that the undisputed facts show that the he contracted salmonella food poisoning as a result of negligence by the defendant. (Doc. 183.) This factual assertion, which is central to the Spotts' summary judgment motion, is contested by the defendant, which acknowledges a salmonella outbreak at the prison but contends that Spotts' medical records are devoid of any information indicating he reported to health services for any food poisoning related symptoms. (Spotts' Medical Records (Ex. 2 to Doc. 154) pp. 1-24.) The first time after the salmonella outbreak that Spotts reported to health services was August 25, 2011, for his chronic care clinic visit. (Id., pp. 1-5.) No gastrointestinal or food poisoning related issues were discussed. (Id.) Spotts received routine blood work on September 1, 2011. (Id., pp. 6-7.) In 2012, Spotts was seen at the chronic care clinic, a routine blood work, an annual CCC screening, and a routine EKG. (Id., pp. 8-24.) No gastrointestinal or food poisoning related issues were discussed. (Id.)

While Spotts failed to file a brief in support of this summary judgment motion, the defendant has fully responded to the motion. (Doc. 184.) This summary judgment motion is, therefore, ripe for resolution. Upon consideration of the competing factual

narratives recited by the parties, we conclude that the factual question of whether Spotts experienced food poisoning requires the resolution of disputed, material issues of fact. Therefore, for the reasons set forth below, we recommend that the Court deny this motion for summary judgment.

## II. Discussion

### A. Spotts' Failure to File a Brief in Support of This Motion Violates the Rules of This Court

At the outset we note that Spotts has failed to abide by the Rules of this Court by failing to file a brief in support of his summary judgment motion. This failure to file a brief has consequences for the plaintiff since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

While dismissal of this motion would be justified on these grounds alone, as discussed below we also find that the motion fails on its merits since there are plainly disputed and material issues of fact which preclude any judgment in Spotts' favor as a matter of law.

### B. Disputed Issues of Fact Preclude Summary Judgment in This Case

The plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. <u>Conoshenti v. Pub. Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 145-46 (3d Cir. 2004). The defendant has met this burden in the instant case. Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." <u>Berckeley Inv. Group. Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006); <u>accord</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. <u>Celotex</u>, 477 U.S. at 322.

This is a negligence action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq*, which governs all claims against the United States "for money damages for injury or loss of personal property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," <u>id</u>. at § 2674, and the "'extent of the United States' liability under the FTCA is generally determined by

reference to state law.'" In re Orthopedic Bone Screw Product Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) (quoting Molzof v. United States, 502 U.S. 301, 305 (1992)).

Thus, a federal district court, in considering an FTCA action, must apply the law of the state in which the alleged tortious conduct occurred. See 28 U.S.C. § 1346(b)(1991); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). Construing this case under settled Pennsylvania tort law, in order to establish a cause of action for negligence, a plaintiff must prove the following elements: (1) a duty or obligation to the plaintiff recognized by law; (2) a breach of that duty to the plaintiff; (3) a causal connection between the conduct and plaintiff's resulting injury; and (4) actual damages suffered by the plaintiff. Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994).

Here, the record currently before the Court shows that there is a fundamental, factual dispute between the parties regarding whether Spotts suffered from food poisoning, the factual predicate to this negligence claim. The defendant contends that Spotts was not afflicted with food poisoning, citing medical reports made almost three weeks after this salmonella outbreak. For his part, Spotts disputes the accuracy of these reports, and insists that he was afflicted with food poisoning which was deliberately not documented by medical personnel. In our view, these competing submissions do not eliminate a dispute over material issues of fact. Rather, they define such a dispute. Since there are disputed material factual issues which must be

resolved relating to whether Spotts can carry his burden of proof on a negligence claim, this issue may not be resolved on summary judgment, and the Spotts' motion for summary judgment should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's Summary Judgment Motion (Doc. 183.), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of May, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge